UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SIDNEY MARTS,

    Petitioner,

v.                                     Case No. 1:16cv310/MP/CJK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner has neither applied for leave to proceed *in forma pauperis* nor paid the filing fee. Upon review of the petition, the undersigned concludes that this case should be summarily dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Cross City Work Camp in Cross City, Florida. Petitioner is in custody pursuant to a September 3, 2008 judgment and sentence of the Circuit Court for Escambia County, Florida in Case No. 2007-CF-6067, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and resisting an officer without violence. Petitioner seeks habeas relief on the ground

that state judicial officers have committed fraud in the following respects:  (1) there are no transcripts verifying his competency hearing, mistrial, retrial, conviction and sentence; (2) the commitment order to the Florida Department of Corrections "lacks verification of three felony criminal punishment scoresheets" and is therefore null and void; (3) the "zero value amount" of the theft for which he was convicted was withheld from the jury; (4) the appropriate state criminal laws and procedures were not applied at his sentencing; and (5) the state courts have imposed restrictions on his filings in an effort to cover up the above deficiencies.  (Doc. 1, p. 2).  Petitioner also claims that this court is engaging in fraud with respect to a habeas petition he filed earlier this year in Case No. 3:16cv453/LAC/EMT, and that this court's failure to address his claims in that petition constitutes a suspension of the writ, in violation of Article I, § 9.  (Doc. 1, pp. 2-3).  Although petitioner filed this as a habeas corpus action, he asserts that "this application does not under no circumstances challenges [sic] his conviction or sentence", but instead "raises a sound distinct challenge to constitutionality of procedure enforced by and through constructive fraud".  (Doc. 1, p. 4 (*citing Edwards v. Balisok*, 520 U.S. 641 (1997), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005))).  By petitioner's reference to *Edwards* and *Wilkinson*, petitioner appears to be arguing, in anticipation that his petition will be deemed an unauthorized second or successive habeas corpus application, that he is raising only

procedural defects in his criminal and collateral review proceedings and not necessarily challenging the result (i.e., his conviction), so he should be allowed to proceed with this action without his petition being subjected to the limitation on second or successive habeas corpus applications.[1]

## ANALYSIS

As an initial matter, although petitioner labels his request for habeas relief as arising strictly under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254, because petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that a state prisoner in custody pursuant to a state court criminal conviction has a single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254."). Under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[1] Petitioner is aware of the restriction on second or successive habeas corpus applications, because after he was denied habeas relief in 2012, he filed subsequent actions wherein he was advised of the restriction. *See Marts v. Jones*, Case No. 3:15cv399/RV/EMT, 2016 WL 2753648 (N.D. Fla. Apr. 21, 2016) (dismissing § 2254 petition and detailing the history of petitioner's habeas corpus proceedings), *Report and Recommendation adopted*, 2016 WL 2745831 (N.D. Fla. May 11, 2016).

Case No. 1:16cv310/MP/CJK

Additionally, as petitioner is well aware, Congress placed statutory restrictions upon the filing of second or successive habeas petitions.  Section 2244 of Title 28 of the United States Code provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a), (b)(1)-(3); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The thrust of the alleged defects underlying petitioner's claim of fraud by the state courts would, if established, necessarily imply the invalidity of his 2008 conviction and sentence. The court takes judicial notice of its own records which establish that in July of 2010, petitioner filed a § 2254 petition challenging the same criminal judgment, and was denied relief. *See Marts v. Tucker*, Case No. 3:10cv240/LAC/EMT, 2012 WL 1802149 (N.D. Fla. Apr. 16, 2012), *Report and Recommendation adopted*, 2012 WL 1795215 (N.D. Fla. May 17, 2012). The Eleventh Circuit denied petitioner's motion for a certificate of appealability on

October 18, 2012. *Id*. On January 15, 2015, petitioner applied to the Eleventh Circuit for authorization to file a second or successive habeas corpus petition, but his application was denied on January 20, 2015. *In re Sidney Marts*, Case No. 15-10086-F (11th Cir. Jan. 20, 2015). As petitioner has not received authorization to file a second or successive petition, this court is without jurisdiction to consider his claims relating to his conviction. *See* 28 U.S.C. § 2244(b)(3); *Burton, supra*.

The remaining claim underlying petitioner's assertion of fraud by the state courts relates to the state courts' limitation on his filings in collateral review proceedings. This claim is not cognizable on federal habeas review because it represents an attack on proceedings or actions collateral to his confinement and not the confinement itself. *See, e.g., Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's challenge to state postconviction proceeding – the state court's ruling that petitioner waived his state collateral proceedings – was not cognizable on federal habeas review).[2]

---

[2] The Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, --- U.S. ---, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365. Furthermore, such challenges

The same is true of petitioner's claim that this court is misapplying federal law or the Constitution in his other habeas case, Case No. 3:16cv453/LC/EMT. Section 2254 is not available to seek relief from federal judgments in prior § 2254 cases, or to seek relief from non-final orders in other pending § 2254 cases. The proper procedure for seeking relief from the judgment of a federal district court is to appeal the judgment to the appropriate federal court of appeals, or file a motion under Rule 60 of the Federal Rules of Civil Procedure, if the requirements of Rule 60 are satisfied. The proper procedure for seeking relief from the non-final order of a federal magistrate judge is to file an objection with the district judge assigned to that case. Petitioner is well aware of these avenues, as he has previously pursued them. Because petitioner cannot proceed on any of the claims raised in this petition, this case should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

---

often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

*Id.*, at 1325-26.
*Case No. 1:16cv310/MP/CJK*

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE.

2. That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 28th day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.